The
Chief Justice
delivered the opinion of the court
*275 This case comes before us on a demurrer to a plea in abatement, in which the defendant, after oyer of the writ of summons, whereby the action was commenced, alleges a variance between die writ and the declaration in this, “that in and by the said Wiit the said defendants are summoned to answer unto the plaintiff in a plea of trespass, and in the said declaration founded on the said writ, the said plaintiff complains of the defendants of a •plea of trespass on the case upon promises,”
The summons requires the defendants “ to answer unto Peter S. Schenek of a plea of trespass; and also to a bill of the said Peter then and there to he exhibited against the said David Manners, Garret Schenek, and Peter Voorhees, executors as aforesaid, to his damage, eight thousand dollars.” The decíasation is in assumpsit, containing the common counts for work and labour done, money lent and advanced, money paid, ¡aid out and expended, goods, wares and meichaudise sold and delivered, and a count on a subscription to pay a sum of money to assist the plaintiff in erecting a grist mill.
Between the action of the declaration and the action of the writ, there is clearly the variance averred by the defendants in, íbeir plea. The latter is trespass. They are required to answer in si plea of trespass,” and although the words, “ and also to a bill,” &cc. are added, yet no other form of aetioq is expressed. and hence the writ must necessarily be either a writ in trespass or without form of action. It is probable the person who drew the writ, intended to pursue the form of the court of King’s Bench, and the ancient form of this court, inserting the clause of trespass and the etc fitiam., in the latter of which he may have intended to express some other form of action; but he has not done so, and the writ stands therefore an informal wiit in trespass. In the case of The Bank of New-Brunswick v. Arrowsmith, 4 Halst. 284, we bold that the declaration must conform to the writ. Such conformity is required, as well by the rules of the common law, as by our statute, which forbids the practice of declaring, by the by ; a practice introduced into the court of King’s Bench, in consequence of their peculiar mode of acquiring, by fiction, jurisdiction of certain civil actions. In the samé case, we also held that a 'defendant may avail himself of a variance between the writ and declaration, by oyer and plea in abatement. Chirac v. Reinicker *276 11 Wheat. 302, variance between the writ and declaration tnay be pleaded in abatement.
Let judgment on the plea in abatement be entered for the defendants.